# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| TRAVIS LANIER WILLIAMS, | : | Case No. 3:19-cv-00240 |
| | : | |
| Plaintiff, | : | District Judge Walter H. Rice |
| | : | Magistrate Judge Sharon L. Ovington |
| vs. | : | |
| | : | |
| OHIO BUREAU OF MOTOR | : | |
| VEHICLES, | : | |
| | : | |
| Defendant. | : | |

## REPORT AND RECOMMENDATIONS[1]

Plaintiff Travis Lanier Williams is a resident of Dayton, Ohio. He asserts in his *pro se* Complaint that the Ohio Department of Public Safety and the Ohio Bureau of Motor Vehicles provided him with an Ohio Identification Card that described him as a "nondriver." This, he claims, violated his Fifth Amendment right to liberty. He also says that under the exemptions identified in Ohio Rev. Code § 4507.03, he does not need a driver's license to operate a vehicle that is not for hire. He seeks damages in the amount of 200 million dollars.

The Court previously granted Plaintiff's Motion for Leave to Proceed *in forma pauperis* under 28 U.S.C. § 1915. His Complaint is before the Court for an initial review to determine whether it, or any portion of it, must be dismissed for failing to raise a plausible claim for relief or because it is factually or legal frivolous. *See* 28 U.S.C. §

---

[1] Attached is a NOTICE to the parties regarding objections to this Report and Recommendations.

1915(e); *see also Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010); *Barnett v. Kalamazoo Cnty. Community Health Bd.*, No. 18-1319, 2018 WL 4492496, at \*1 (6th Cir. 2018).  A claim is plausible when the complaint's factual allegations "'raise a right to relief above the speculative level,'" *Handy-Clay v. City of Memphis, Tenn.*, 695 F.3d 531, 538 (6th Cir. 2012) (citations omitted), and create a "'reasonable inference that the defendant is liable for the misconduct alleged.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).  "[C]onclusory statements do not suffice." *Id.*

A complaint is dismissed as frivolous only when it fails to raise "'a claim with an arguable legal claim based on rational facts.'"  *Brand v. Motley*, 526 F.3d 921, 923 (6th Cir. 2008) (quoting, in part, *Neitzke v. Williams,*490 U.S. 319, 325 (1989)).  A rational factual basis is absent when the complaint's allegations are "fantastic or delusional."  *Id.* No arguable legal claim exists when the complaint rests on "indisputably meritless" legal theories—for example, when the defendant is immune from suit or when the plaintiff claims a violation of a legal interest that clearly does not exist.  *See id.*

When conducting an initial review, the Court accepts as true a complaint's factual allegations, *Hill*, 630 F.3d at 471, and liberally construes *pro se* complaints in the plaintiff's favor, *Davis v. Prison Health Services*, 679 F.3d 433, 437 (6th Cir. 2012); *see Thaddeus-X v. Blatter*, 175 F.3d 378, 385 (6th Cir. 1999); *see also Lee v. Wilson County Jail, Lebanon*, No. 16-5981, 2017 WL 2819220, at \*1 (6th Cir. 2017).

Plaintiff's *pro se* Complaint seeks relief under 42 U.S.C. § 1983.  The elements of a § 1983 claim are (1) a person acting under the color of state law (2) deprived Plaintiff

2

of a right protected by the Constitution or laws of the United States. *See Shadrick v. Hopkins County, Ky.*, 805 F.3d 724, 736 (6th Cir. 2015).

Plaintiff's *pro se* Complaint rests in large part on his theory that he does not need an Ohio driver's license to operate a vehicle because he falls under exemptions set forth in Ohio Rev. Code § 4507.03. His allegations, however, when accepted as true and liberally construed in his favor, do not trigger any of these statutory exceptions to the driver's-license requirement. Instead, Plaintiff baldly asserts that he does not need a driver's license but fails to provide "further factual enhancement," *Iqbal*, 556 U.S. at 678, that suggests an exemption in § 4507.03 applies to him. Because of this, Plaintiff's Complaint contains only vague and conclusory allegations, rather than facts sufficient to support a plausible claim for relief. *See Iqbal*, 556 U.S. at 678 ("A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." (citation and internal punctuation omitted)).

Additionally, common sense instructs that Plaintiff does *not* have a valid Ohio driver's license because he is attempting to invoke an exemption under § 4507.03 to the driver's-license requirement. Given Plaintiff's lack of a valid driver's license, there was no plausible misconduct in the description of him as a "nondriver" on his Ohio Identification Card and no plausible violation of his liberty interests under the Fifth Amendment.

Accordingly, dismissal of Plaintiff's Complaint is warranted under 28 U.S.C. § 1915(e)(2).

**IT IS THEREFORE RECOMMENDED THAT**:

1.      Plaintiff's Complaint be dismissed under 28 U.S.C. § 1915(e)(2); and

2.      The case be terminated on the Court's docket.


November 12, 2019                                    *s/Sharon L. Ovington*
                                                     Sharon L. Ovington
                                                     United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).